UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY ANTHONY NESBY,

  Petitioner/Defendant

 v.

UNITED STATES OF AMERICA,

  Respondent/Plaintiff.

Case No. 04-cv-4203-JPG

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

 This matter comes before the Court on petitioner's motion for additional discovery (Doc. 13) and motion for recusal (Doc. 14). For the following reasons, the Court will **DENY** Nesby's motion for recusal and **RESERVE RULING** on his motion for additional discovery.

**BACKGROUND**

 On October 3, 2002, this Court sentenced petitioner to life imprisonment after a jury found him guilty on two counts of conspiring to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. The Seventh Circuit affirmed his sentence on appeal and the Supreme Court denied his petition for certiorari on October 6, 2003. Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on October 4, 2004, claiming his trial counsel was constitutionally ineffective in a number ways, the Assistant United States Attorney committed prosecutorial misconduct and the government failed to establish that the substance at issue was crack cocaine.

**ANALYSIS**

**I. Recusal**

 Petitioner asks this Court to disqualify itself because it "accepted all of the guilty pleas of

all cooperating government informants' whom testified on behalf of the government at trial . . . [and] reduced their sentences . . . unlawfully." (Doc. 14 at 1) (errors in original). He thinks this biased the Court against him and caused it to give the government's witnesses "too much credibility." (*Id*. at 2).

28 U.S.C. § 455 sets forth the legal criteria for disqualification of federal judges. Petitioner's arguments most likely fall under § 455(b)(1), which requires a judge to disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The bias must arise from an extrajudicial source and "be grounded in some personal animus or malice that the judge harbors against him, of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes." *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996). Section 455 requires recusal "only if actual bias or prejudice is proved by compelling evidence." *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001).

Petitioner' allegations of bias seem to stem from this Court's rulings against him. Absent circumstances not present here, "judicial rulings are grounds for appeal, not disqualification." *Hook*, 89 F.3d at 355. Petitioner has not alleged that the Court's alleged bias stems from an extrajudicial source or any facts from which a reasonable person could conclude that this Court is biased against him.

Petitioner's motion also potentially implicates 28 U.S.C. § 144, which requires a judge to recuse himself if a party files an affidavit that the judge has a personal bias or prejudice against him. Because he included a sworn declaration under penalty of perjury at the end of his motion, one might reasonably construe his motion as an affidavit. An affidavit declaring bias is not sufficient, in itself to merit recusal under § 144. Rather, a court should only "credit facts in an

affidavit that are sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions or rumors are insufficient." *O'Regan*, 246 F.3d at 989. Petitioner's motion contains nothing more than simple conclusions; it is patently insufficient. *See id*. The Court therefore **DENIES** the motion.

**II.**     **Motion for Additional Discovery**

In his motion for additional discovery, petitioner requests "all plea agreements, guilty plea transcripts and resulting sentencing transcripts from each and every cooperating government witness' original sentencing hearings as well as their subsequent sentence reductions." (Doc. 13 at 1). "Petitioner "maintains that [these] records and files are pertinent to issues raised" in his § 2255 motion, but does not give specific reasons why this is so. (*Id.*).

Discovery in habeas corpus cases is different from discovery in a "normal" civil case. In the context of a habeas corpus proceeding, a district court has discretion to grant discovery upon a showing of "good cause." Rule 6(a) of the Rules Governing Section 2255 Proceedings. In addition, the party making the discovery request "must provide reasons for the request." *Id*. at 6(b). Good cause exists where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gamley*, 520 U.S. 899, 909 (1997); *see also United States v. Hull*, No. 02-cv-2, 2006 WL 752481, at *8 (N.D. Ind. Mar. 21, 2006). The petitioner bears the burden of demonstrating the materiality of the discovery he requests. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001); *Hull*, 2006 WL 752481 at *8. Petitioner has already requested additional discovery within the body of his § 2255. Given the standards applicable to this request, the Court will **RESERVE RULING** on this request, pending its review of the parties' substantive briefs.

## CONCLUSION

3

The Court **DENIES** petitioner's motion for recusal (Doc. 14) and reserves ruling on his motion for additional discovery (Doc. 13).

**IT IS SO ORDERED.**

**DATED: January 30, 2007**

                                             s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**