UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY ANTHONY NESBY,

    Petitioner/Defendant,

v.

UNITED STATES OF AMERICA,

    Respondent/Plaintiff.

Case No. 04-cv-4203-JPG

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on Larry Anthony Nesby's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Court granted Nesby leave to amend his motion on August 28, 2006 (Doc. 9), and the government responded to his amended motions on September 25, 2006 (Doc. 10). For the following reasons, the Court will **DENY** Nesby's petition.

## BACKGROUND

On October 3, 2002, this Court sentenced Nesby to life imprisonment after a jury found him guilty of conspiring to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. The Seventh Circuit affirmed his sentence on appeal and the Supreme Court denied his petition for certiorari on October 6, 2003. Nesby filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on October 4, 2004.

In his October 4, 2004 motion, Nesby claims his trial counsel, David Williams, was constitutionally ineffective for failing to argue against the weight of the drugs introduced by the government, failing to raise an *Apprendi* issue regarding sentencing enhancements at the beginning of the trial (leading to the lack of an evidentiary hearing), failing to challenge the

delay between his arrest and arraignment given the alleged invalidity of the arrest warrant, and failing to challenge the government's "Open File" policy.

Nesby filed another motion under § 2255 on November 10, 2004, which the Clerk of Court docketed as a separate case, *Nesby v. United States*, No. 04-4235 (S.D. Ill. 2004). In this petition, Nesby contends that the Court unconstitutionally considered the government's sentencing enhancements under 21 U.S.C. § 851. Nesby believes a jury should have found these convictions to be felony drug convictions beyond a reasonable doubt. Nesby also contends that "a major Conflict of Interest" existed between he and his counsel at trial. According to Nesby, he relayed "vital information to defense counsel for a defense and counsel" disregarded it. (Doc. 4 at 4). Other asserted unconstitutionally defective errors made by trial counsel included his deficient arguments in support of Nesby's motion to sever, his failure to challenge the sufficiency of the indictment and the warrant in this case, and his failure to challenge allegedly coerced and unreliable testimony from co-conspirators and police. Finally, Nesby claims that the Assistant United States Attorney that prosecuted the case, Mike Carr, committed prosecutorial misconduct by using statements made by an unindicted co-conspirator while under the influence of marijuana.

On April 27, 2005 and June 29, 2005, Nesby filed motions for leave to amend his § 2255 in the latter case (Docs. 3, 4). On August 31, 2005, the Court consolidated the two cases. In its order directing the government's response to Nesby's consolidated petition, the Court allowed Nesby's amendments. In his supplemental pleadings, Nesby contends Williams failed to make sure the substances offered against him were crack, failed to challenge the chain of custody in the case, and that newly discovered evidence shows that the government's expert lied on the stand.

After the government filed its response, Nesby filed two pleadings that he titled Traverses, a motion for additional discovery, and a motion for recusal. After the Court either denied or reserved ruling on these motions (Doc. 15), he filed a motion to reconsider (Doc. 16).

## ANALYSIS

The Court must grant a § 2255 petition when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. "Habeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations[,]" *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), and is available only if an error is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (internal quotation marks omitted).

**I.     Statute of Limitations**

Motions under § 2255 are subject to a one-year period of limitations that begins to run from the latest of

> 1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Except for Nesby's claim regarding newly discovered evidence, the statute of limitations in this case began running on the date his conviction became final, October 6, 2003.

*See Clay v. United States*, 537 U.S. 522, 524-25 (2003).

Nesby's first petition in this case, filed October 4, 2004, was timely; those amendments he filed after October 6, 2004 are not, unless they relate back under Federal Rule of Civil Procedure 15(c). *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Generally, amendments "made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings "ar [i]se out of the conduct, transaction, or occurrence." *Id*. For purposes of petitions under § 2255, relation back is appropriate "only when the claims added by amendment arise from the same core facts as the timely filed claims." Relation back is inappropriate " when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id*. at 657. The Supreme Court has explicitly held that "transaction and occurrence" does not mean the same trial, conviction, or sentence in habeas proceedings. *Id*. at 663-64.

Under *Felix*, Nesby's "new" claims regarding *Apprendi*'s application to pleadings under § 851 and the delay between his arrest and his indictment relate back to the similar claims he made in his original petition. Nesby's arguments regarding his conflict of interest with Williams, Williams's performance in arguing the motion to sever, Williams's failure to object to coerced or perjured testimony, Williams's failure to contest the chain of custody, and Carr's prosecutorial misconduct are time-barred. These arguments are different in both time and type from those Nesby raised in his original motion.

**II.**    ***Apprendi***

Nesby's *Apprendi* claims fail for at least two reasons. First, he unsuccessfully made an *Apprendi* claim in his direct appeal, which makes the claim inappropriate here. *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992) *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 719 (7th

Cir. 1994). Second, and more important, the Seventh Circuit has held that prior convictions "need not be charged nor submitted to a jury." *United States v. Martinez-Garcia*, 268 F.3d 460, 463-64 (7th Cir. 2001); *Edwards v. United States*, 266 F.3d 756, 759 (7th Cir. 2001). How an evidentiary hearing would have changed this result is unclear, as the offenses outlined in the § 851 information were clearly felony drug offenses. The Court will address the *Apprendi* issues in the context of ineffective assistance of counsel below.

### III.    Ineffective Assistance

To succeed on his ineffective assistance claims, Nesby must show that his counsel's performance "fell below an objective level of reasonableness" and that his error(s) prejudiced the outcome of the proceedings. *United States v. Allender*, 62 F.3d 909, 913 (7th Cir. 1995) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). He bears the "heavy burden" of showing that counsel's performance fell well outside the range of professionally competent representation. *United States v. Moya-Gomez*, 860 F.2d 706, 763 (7th Cir. 1998). In determining whether counsel's performance was unreasonable, this Court must defer to his decisions and presume he acted reasonably. *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997). It must look at his actions "in the context of the case as a whole, viewed at the time of the conduct, and [entertain] a strong presumption that any decisions by counsel fall within a wide range of reasonable trial strategies." *Valenzuela v. United States*, 261 F.3d 694, 698-99 (7th Cir. 2001) (internal citations and quotation marks omitted). It is not the Court's place to "second guess [counsel's] strategic choices." *Williams*, 106 F.3d at 1367.

To demonstrate the requisite prejudice, Nesby must show with a "reasonable probability" that without counsel's error the result of the proceeding would have been different and that the error made the proceeding unfair or unreliable. *Valenzuela*, 261 F.3d at 699. A reasonable

probability "is a probability sufficient to undermine confidence in the outcome." *Emezuo v. United States*, 357 F.3d 703, 708 (7th Cir. 2004) (quoting *Strickland*, 466 U.S. at 694).[1]

Given the weakness of Nesby's claims, it is important to start bearing firmly in mind that an attorney cannot be ineffective for failing to make a frivolous argument. *See Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005).

### A. *Aprrendi*

Williams researched the convictions and determined that they were qualifying offenses for purposes of § 851. Nesby has offered nothing that suggests that these were not felony drug convictions under the statute, and nothing whatsoever that Williams could have done differently. In short, he has failed to show that Williams acted unreasonably or that his actions changed the result in the case.

### B. Failing to Argue Against the Weight of Drugs

Given the overwhelming evidence against Nesby at trial, no error resulted from Williams's failure to challenge the specific instances of relevant conduct.

### C. Failure to Challenge Delay between Arrest and Indictment

The record discloses that a grand jury indicted Nesby on July 10, 2001, and that a warrant was issued the next day. The indictment and arrest warrant were suppressed until Nesby's codefendant, Kendrick Latham, was arrested on July 18, 2001. Nesby was arrested the same day. Nesby has not indicated why it was inappropriate for the U.S. Attorney's Office to file the indictment under seal, or why they could not choose to unseal the indictment and arrest him after

---

[1] The Court need not evaluate both prongs of the *Strickland* test; "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 697).

taking care of Latham. This is standard law enforcement procedure, which appears to have caused Nesby no injury. Nothing indicates any problems with either the indictment or the arrest warrant. Beyond this, his arguments on this point are unreasonably vague, conclusory, or incredible and therefore denied. *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992); *United States v. Frye*, 738 F.2d 196 (7th Cir. 1984).

### D.   Failure to Challenge the United States Attorney's Open File Policy

The government's open file policy is standard practice in this District. This Court and others routinely deny motions for discovery by defense attorneys in light of this policy. Absent unusual circumstances that Nesby has not demonstrated, any motion filed by Williams on this score would have been frivolous.

## IV.   Newly Discovered Evidence

Nesby contends that the government's expert witness testified inconsistently in Nesby's and Latham's trials. This newly discovered evidence, in Nesby's mind, shows that his counsel was ineffective for failing, during cross-examination, to show Carr's failure to demonstrate that the substance at issue in the case was crack. Even assuming that the government expert's testimony was inconsistent, there was overwhelming testimonial evidence that those involved in this case were buying, selling, and using a substance that they believed was crack. Furthermore, Nesby admitted that he was a crack user, which was the basis of his defense in the case.

## V.   Discovery Issues

Discovery in habeas corpus cases is different from discovery in a "normal" civil case. In a habeas proceeding, a district court has discretion to grant discovery upon a showing of "good cause." Rule 6(a) of the Rules Governing Section 2255 Proceedings. The party making the discovery request also "must provide reasons for the request." *Id*. at 6(b). Good cause exists

where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gamley*, 520 U.S. 899, 909 (1997); *see also United States v. Hull*, No. 02-cv-2, 2006 WL 752481, at *8 (N.D. Ind. Mar. 21, 2006). The petitioner bears the burden of demonstrating the materiality of the discovery he requests. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001); *Hull*, 2006 WL 752481 at *8.

In his motion, Nesby has not told the Court why the information he requests is relevant to any of the issues raised in his motion. More important, Nesby's claims are frivolous on their face; the development of the record would be pointless.

## VI.     Reconsideration

Reconsideration of a court's ruling is not expressly authorized by the Federal Rules of Civil Procedure. Nevertheless, courts have recognized that occasionally they misunderstand the parties and make errors of fact or of law. As such, courts will entertain these motions when necessary to correct a manifest error of law or fact or to consider newly discovered evidence. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Having reviewed its previous Order and Nesby's arguments, the Court finds no good reason justifying reconsideration of the matters decided in its January 30, 2007 Order.

## VII.     Conclusion

The Court **DENIES** Nesby's § 2255 petition (Docs. 1, 3, 4, 5, 6) and his motion for reconsideration (Doc. 16), **DISMISSES** the case **WITH PREJUDICE**, and **DIRECTS** the

**Clerk of Court** to enter judgment accordingly.

      **IT IS SO ORDERED.**
      **DATED: July 25, 2007**

                                              **s/ J. Phil Gilbert**
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**