UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY ANTHONY NESBY,

      Petitioner/Defendant,

v.

UNITED STATES OF AMERICA,

      Respondent/Plaintiff.

Case No. 04-cv-4203-JPG

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter comes before the Court on Larry Anthony Nesby's Notice of Appeal of this Court's denial of his motion to vacate, set aside or correct his sentence and its denial of his motion to alter judgment (Doc. 23), and Nesby's Motion for Leave to Appeal in forma pauperis (Doc. 25).

Pursuant to Federal Rule of Appellate Procedure 22(b)(1), the Court construes Nesby's notice of appeal as a request for a certificate of appealability. *See Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). A § 2255 petitioner may not proceed on appeal without a certificate of appealability. 28 U.S.C. § 2253(c)(1); *see Ouska*, 246 F.3d at 1045.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045. To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong.") The Court finds that Nesby has not made such a showing and, accordingly, declines to issue a certificate of appealability.

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The Court is satisfied from Nesby's affidavit that he is indigent. Furthermore, the Court does not believe that this action is frivolous or malicious. Therefore, the Court **GRANTS** the motion to proceed on appeal *in forma pauperis* without prepayment of fees and costs (Doc. 25).

## CONCLUSION

The Court **DENIES** the request for a certificate of appealability (Doc. 23). The Court **GRANTS** the motion to proceed on appeal *in forma pauperis* without prepayment of fees and costs (Doc. 25).

**IT IS SO ORDERED.**
**DATED: October 24, 2007**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**